COMMONWEALTH of Pennsylvania, Appellee,

v.

George ULRICH, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 8, 1998.
Filed March 9, 1999.

David C. Raker, Williamsport, for appellant.

Before DEL SOLE, STEVENS and ORIE MELVIN, JJ.

DEL SOLE, J.

¶ 1 Appellant was convicted of one count of Cruelty to Animals and sentenced to 2 days incarceration and a fine of $750 at a trial de novo following a hearing before a district justice. Appellant then filed a "Post–Sentence Motion" in the nature of a Motion in Arrest of Judgment and a Motion for Reconsideration which was dismissed with prejudice. This direct appeal followed.

¶ 2 Appellant raises the following issues for our review: (1) "May a person be convicted of Cruelty to Animals ... for the mere

killing of a dog, absent an additional act of cruelty?"; (2) "Were all the elements of Cruelty to Animals ... proven in the Lower Court?"; (3) "Did Appellant Ulrich have a privilege to kill the dog in question and was the killing of the dog part of a normal agricultural activity and a reasonable activity undertaken in connection with pest of vermin control?"; and (4) "Did the Lower Court abuse its discretion in not allowing Appellant Ulrich's expert to testify, in ordering Appellant's fine to be paid within fifteen (15) days of imposition of sentence, in allowing the District Magistrate's sentence to dictate the terms [sic] Court of Common Pleas sentence and in generally imposing an excessive sentence?" We vacate the judgment of sentence.

¶ 3 The facts, as summarized in the trial court, are as follows:

On June 19, 1996, at approximately 11:30 a.m., [Appellant] and his brother, David Ulrich, were at their farm in Washington Township, Lycoming County. David Ulrich observed his dog engaged in a fight with another dog. David immediately approached the two dogs and attempted to separate them. David's dog broke away and began running toward the Ulrich residence. When the other dog began to pursue his dog, David Ulrich shot the pursuing dog one time.

After being shot, the dog went to a stream located on the farm. According to the testimony of [Appellant], his brother David, observing the wounded dog running down the stream, said, "Shoot the dog, it's going after the calves." Several calves had been born that morning and were in a field adjacent to the stream. [Appellant] complied with his brother's request and shot the dog three times while the dog was running down the stream, killing the dog.

Trial Court Opinion, 09/18/97, at 1–2.

¶ 4 Appellant's first two issues are assertions that his admitted actions in shooting the dog do not satisfy the requirements of the cruelty to animals statute under which he was convicted.[1] We agree. Appellant was charged with violating 18 Pa.C.S.A. § 5511(c)

**Cruelty to Animals**, which provides, in pertinent part:

A person commits a summary offense if he wantonly or cruelly illtreats, overloads, beats or otherwise abuses any animal, whether belonging to himself or otherwise, or abandons any animal, or deprives any animal of necessary sustenance, drink, shelter or veterinary care....

Appellant contends, however, and we agree, that a more appropriate charge would have been under 18 Pa.C.S.A. § 5511(a) **Killing, maiming or poisoning domestic animal or zoo animals, etc.**, which provides, in pertinent part:

(1) A person commits a misdemeanor of the second degree if he willfully and maliciously

(i) kills, maims, or disfigures any domestic animal of another person....

¶ 5 The facts of this case fall squarely under 18 Pa.C.S.A. § 5511(a). Appellant's crime, if any, was his intentional killing of a domestic animal not his own. The crime he was charged with under 18 Pa.C.S.A. § 5511(c), however, is inapplicable because it covers a range of abuses simply not present in this circumstance. Section 5511(c) specifically refers to abuses such as the beating, malnourishment and illtreatment of animals. While killing a dog may be considered the most harmful kind of treatment of an animal, it is not the kind of act § 5511(c) is meant to prohibit. We will not stretch the semantics of the language in § 5511(c) to uphold Appellant's conviction when he was, regrettably, charged under the wrong section of the statute. The killing of a domestic animal is a specific crime prohibited by § 5511(a) of the Cruelty to Animals statute. We find, therefore, that Appellant, as a matter of law, should not have been charged with or convicted under 18 Pa.C.S.A. § 5511(c). Accordingly, we vacate his sentence.

¶ 6 Judgment of sentence vacated. Appellant discharged.

---

1. Because we are vacating Appellant's sentence, it is not necessary for us to address Appellant's other issues.